IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | CRIMINAL NO. 1:14-CR-6 |
| v. | : | (Chief Judge Conner) |
| **EJIKE EGWUEKWE,** | : | |
| **Defendant** | : | |

## MEMORANDUM

The court sentenced defendant Ejike Egwuekwe ("Egwuekwe") to 46 months' imprisonment for mail fraud. (Doc. 189). Presently before the court is Egwuekwe's *pro se* motion (Doc. 236) to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255. Egwuekwe asserts that he was denied effective assistance of counsel in violation of the Sixth Amendment to the United States Constitution. For the reasons that follow, the court will deny Egwuekwe's motion.

### I. Factual Background & Procedural History[1]

On January 8, 2014, a grand jury returned an indictment charging Egwuekwe with one count of conspiracy to commit mail fraud, wire fraud, and money laundering in violation of 18 U.S.C. §§ 371, 1341, 1343, 1956, and 1957; four counts of mail fraud in violation of 18 U.S.C. §§ 1341 and 1342; eleven counts of wire fraud in violation of 18 U.S.C. §§ 2 and 1343; twenty-two counts of laundering of monetary

---

[1] As of the date of this opinion, official transcripts of the April 21, 2015 change of plea hearing and the October 30, 2015 sentencing proceeding are not yet available. The court reporter has provided the court with a rough draft of the transcript of these hearings, and citations thereto are abbreviated throughout as "4/21/15 Tr." and "10/30/15 Tr." respectively. Pagination of the rough drafts may vary from pagination of the official transcripts.

instruments in violation of 18 U.S.C. § 1956(a)(1)(A)(i), (1)(B), (2); five counts of engaging in unlawful monetary transactions in violation of 18 U.S.C. §§ 2 and 1957(a); and criminal forfeiture pursuant to 18 U.S.C. § 982(a)(1). (Doc. 1). Egwuekwe initially pled not guilty. (Doc. 52).

Magistrate Judge Susan E. Schwab ordered that Egwuekwe be detained pending trial on February 21, 2014. (Doc. 61). Egwuekwe refused to cooperate with his first two court appointed attorneys, both of whom were permitted to withdraw. (Docs. 75, 108). On October 6, 2014, the court appointed a third attorney, Jeffrey A. Conrad, Esquire ("Attorney Conrad") to represent Egwuekwe. (Doc. 109). Shortly thereafter, Egwuekwe filed a motion to change his detention status and requested the court release him into the supervision of a cousin. (Doc. 116). Attorney Conrad withdrew the motion at the December 29, 2014 bail hearing when Egwuekwe's cousin failed to appear. (Doc. 119; Doc. 238 ¶ 7).

Egwuekwe executed a waiver of indictment and a written plea agreement on April 21, 2015 wherein he agreed to plead guilty to a superseding felony information, (Doc. 131), charging one count of mail fraud. (Docs. 134, 138, 139). Egwuekwe affirmed that he fully understood and voluntarily agreed to the plea agreement. (Doc. 134 at 30). Therein, Egwuekwe expressly waived any right to challenge his conviction and sentence by direct appeal. (Id. ¶ 37). The agreement did not include a waiver of Egwuekwe's right to a collateral attack under 28 U.S.C. § 2255. (See id.) The court explained the appellate waiver provision to Egwuekwe at his plea hearing, whereupon Egwuekwe reaffirmed his consent to the entirety of the written plea agreement. (4/21/15 Tr. 15:8-16:22).

2

The presentence report ("PSR") identified a total of 136 victims who suffered a total loss amount of $413,370.25 on account of Egwuekwe's fraud. (Doc. 171 ¶ 15). Egwuekwe received a 14-level enhancement based on a loss amount greater than $400,000 but less than $1,000,000 pursuant to Section 2B1.1(b)(1)(H) of the United States Sentencing Guidelines ("Guidelines"). (Id. ¶ 21). His offense level was further increased by four levels under Section 2B1.1(b)(2)(B) because his fraud involved 50 or more victims. (Id. ¶ 22). A two-level enhancement was applied for Egwuekwe's use of sophisticated means to conceal the fraudulent scheme pursuant to Section 2B1.1(b)(10)(C). (Id. ¶¶ 9, 23). The PSR calculated Egwuekwe's total offense level at 24 and his criminal history category at II. (Id. ¶¶ 30, 35). The resulting Guidelines imprisonment range was 57 to 71 months. (Id. ¶ 56). Attorney Conrad filed a sentencing memorandum on Egwuekwe's behalf seeking a downward departure from the total offense level. (Doc. 182 at 7-9).

At sentencing on October 30, 2015, the court granted the government's motion for a two-level downward departure in recognition of Egwuekwe's cooperation. (10/30/15 Tr. 4:18-24). This departure brought Egwuekwe's offense level to 22 and the Guidelines imprisonment range to 46 to 57 months' imprisonment. (Id. at 4:25-5:4). The court denied Egwuekwe's request to otherwise depart from or reject the Guidelines range. (Id. at 2:19-3:10, 15:14-17). In weighing aggravating and mitigating factors, the court noted that Egwuekwe's offense involved over 100 victims and that "[t]his was a serious and complex fraud scheme with significant financial consequences to the victims." (Id. at 15:9-12).

3

The court sentenced Egwuekwe to 46 months' imprisonment followed by a two-year term of supervised release. (Doc. 189 at 2-3). The court also ordered Egwuekwe to pay restitution in the amount of $301,041.25. (Id. at 6). At the conclusion of the sentencing proceeding, the court explicitly reviewed the defendant's appellate rights, and noted that Egwuekwe had entered into a plea agreement which contained an appellate waiver. (10/30/15 Tr. 18:2-19).

On May 20, 2016, Egwuekwe filed a *pro se* motion to modify his sentence in light of Guidelines Amendments 790 through 792 which took effect November 1, 2015—two days after he was sentenced. (Doc. 217). Egwuekwe filed a follow-up motion clarifying that he sought sentence modification under 18 U.S.C. § 3582(c)(2). (Doc. 218). The court denied Egwuekwe's motions for two reasons: *first*, the relevant amendments to the Guidelines were not retroactively applicable; and *second*, Egwuekwe's motions were more properly brought pursuant to 28 U.S.C. § 2255. (See Doc. 219). Egwuekwe appealed the court's order, (Doc. 220), and the Third Circuit Court of Appeals affirmed on September 16, 2016. See United States v. Egwuekwe, 668 F. App'x 421, 422 (3d Cir. 2016).

Egwuekwe now moves to vacate, set aside, or correct sentence under 28 U.S.C. § 2255. (Doc. 236). The motion is fully briefed and ripe for disposition.[2]

---

[2] Also before the court is Egwuekwe's motion (Doc. 239) to reinstate his requests for an evidentiary hearing (Doc. 226) and appointment of counsel (Doc. 227). We will deny the motion (Doc. 239) in view of our disposition on Egwuekwe's Section 2255 motion *infra*.

## II. Legal Standard

Under 28 U.S.C. § 2255, a federal prisoner may move the sentencing court to vacate, set aside, or correct the prisoner's sentence. 28 U.S.C. § 2255. Courts may afford relief under Section 2255 on a number of grounds including, *inter alia*, "that the sentence was imposed in violation of the Constitution or the laws of the United States." 28 U.S.C. § 2255(a); see also R. GOVERNING § 2255 CASES R.1(a). The statute provides that, as a remedy for an unlawfully-imposed sentence, "the court shall vacate and set the judgment aside and shall discharge the prisoner or resentence him or grant a new trial or correct the sentence as may appear appropriate." 28 U.S.C. § 2255(b). The court accepts the truth of the defendant's allegations when reviewing a Section 2255 motion unless those allegations are "clearly frivolous based on the existing record." United States v. Booth, 432 F.3d 542, 545 (3d Cir. 2005). A court is required to hold an evidentiary hearing when the motion "allege[s] any facts warranting § 2255 relief that are not clearly resolved by the record." United States v. Tolliver, 800 F.3d 138, 141 (3d Cir. 2015) (quoting Booth, 432 F.3d at 546).

## III. Discussion

Egwuekwe asserts several grounds in support of his request for Section 2255 relief. First, Egwuekwe avers generally that he should benefit from Guidelines Amendments 790 through 794, which took effect November 1, 2015 ("2015 amendments"). Only two of the 2015 amendments ostensibly apply *sub judice*: Amendment 791, which adjusts the monetary tables in § 2B1.1, see U.S.S.G. app. C, amend. 791, and Amendment 792, which makes several changes to § 2B1.1 to

5

account for harm suffered by victims of economic crimes and the culpability and intent of defendants, see U.S.S.G. app. C, amend. 792.[3]

Second, Egwuekwe presents an ineffective assistance of counsel claim premised on five secondary arguments: (1) that counsel failed to request a two-day continuance to allow the 2015 amendments to take effect prior to sentencing; (2) that counsel failed to file a Rule 35(a) motion to correct his sentence; (3) that counsel failed to file a notice of appeal; (4) that counsel failed to object to a notation in the PSR regarding a prior misdemeanor conviction; and (5) that counsel withdrew a motion for a new detention hearing and failed to refile at Egwuekwe's request. The court will address Egwuekwe's claims *seriatim*.

---

[3] Egwuekwe also references Amendments 790, 793, and 794 in his supporting papers. (See, e.g., Doc. 237 at 2). Amendment 790 revised the relevant conduct guideline and its commentary to set out more clearly the three-step analysis courts are to apply when determining whether a defendant is accountable for the conduct of others in the course of joint criminal activity. See U.S.S.G. app. C, amend. 790. Egwuekwe does not aver that this amendment would either narrow or expand the conduct for which he can be held liable. The court independently finds that application of Amendment 790 would have no impact on Egwuekwe's sentence.

Amendment 793 addresses drug trafficking guideline calculations. See U.S.S.G. app. C, amend. 793. This amendment is inapplicable to Egwuekwe who pled guilty to mail fraud. (Doc. 189 at 1).

Amendment 794 revised the mitigating role guideline to address perceived inconsistencies in its application to defendants who play minimal or minor roles in criminal activity. See U.S.S.G. app. C, amend. 794. Egwuekwe was not identified as "having a key leadership or mastermind role in the overall fraud scheme," (10/30/15 Tr. 14:10-11), but he did play a key, knowing, and very active role in the mass marketing fraud, and he would not have qualified for a mitigating role reduction, (see Doc. 171 at 6-7; 10/30/15 Tr. 14:12-20).

### A. Retroactive Applicability of Guidelines Amendments

Egwuekwe asserts that because his hearing took place on October 30, 2015, and the district court did not enter the judgment until November 2, 2015, he should benefit from the 2015 amendments. (Doc. 237 at 2-4). A Section 2255 motion may not be used to relitigate questions that were raised and resolved on direct appeal. See United States v. Travillion, 759 F.3d 281, 288 (3d Cir. 2014); United States v. DeRewal, 10 F.3d 100, 105 n.4 (3d Cir. 1993). The Third Circuit reviewed this issue on direct appeal from Egwuekwe's post-judgment motion to reduce his sentence. See Egwuekwe, 668 F. App'x at 421-22. The court found that Egwuekwe was not entitled to the benefit of Amendments 790, 791, or 792 because the Sentencing Commission did not list them as applying retroactively. Id. at 422 (citing U.S.S.G. § 1B1.10(d)). The Third Circuit further rejected Egwuekwe's argument he should benefit from the 2015 amendments which went into effect one day before *judgment* was formally entered on November 2, 2015. Id. The court explained that "[i]f the amendments did not come into effect until after he was *sentenced*, they are not retroactively applicable." Id. (emphasis added). We will not revisit this issue on collateral review. See Travillion, 759 F.3d at 288; DeRewal, 10 F.3d at 105 n.4.

### B. Ineffective Assistance of Counsel

A collateral attack based on ineffective assistance of counsel is governed by the two-pronged test set forth in Strickland v. Washington, 466 U.S. 668 (1984). To prevail on this claim, a defendant must demonstrate, first, that trial counsel's representation fell below an objective level of reasonableness based on prevailing professional norms and, second, that the deficient representation was prejudicial.

7

See id. at 687-88. Conclusory allegations are insufficient to entitle a defendant to relief under Section 2255. See United States v. Thomas, 221 F.3d 430, 437 (3d Cir. 2000); Sepulveda v. United States, 69 F. Supp. 2d 633, 639-40 (D.N.J. 1999) (citing Blackledge v. Allison, 431 U.S. 63 (1977)).

In determining whether counsel has satisfied the objective standard of reasonableness under the first prong, courts must be highly deferential toward counsel's conduct. Strickland, 466 U.S. at 689. There is a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance. See United States v. Gray, 878 F.2d 702, 710 (3d Cir. 1989). Only a "rare claim" of ineffectiveness of counsel should succeed "under the properly deferential standard to be applied in scrutinizing counsel's performance." Id. at 711 (citing Strickland, 466 U.S. at 689-90). Counsel will not be deemed ineffective for failing to raise a meritless claim. See United States v. Sanders, 165 F.3d 248, 253 (3d Cir. 1999).

To satisfy the prejudice prong, the defendant must establish a reasonable probability that, but for counsel's errors, the outcome of the proceeding would have been different. See Strickland, 466 U.S. at 694. The district court need not conduct its analysis of the two prongs in a particular order or even address both prongs of the inquiry if the defendant makes an insufficient showing in one. See id. at 697; United States v. Lilly, 536 F.3d 190, 196 (3d Cir. 2008).

### 1. *Failure to Request Continuance*

Egwuekwe avers that counsel should have moved for a two-day continuance in anticipation of Amendments 791 and 792 due to their potential impact on his sentencing. (Doc. 250 at 3-4). The Third Circuit Court of Appeals has not

considered, in a precedential opinion, whether failure to move for a continuance under such circumstances constitutes ineffective assistance of counsel. In a nonprecedential opinion, the Third Circuit rejected a similar argument in concluding that counsel's failure to request a four-month continuance was not unreasonable. See United States v. Briceno-Rodriguez, 47 F. App'x 167, 169 (3d Cir. 2002) (nonprecedential).[4] The panel noted that Congress may reject or modify proposed amendments at any time prior to the effective date and emphasized that the defendant would not have qualified for the amendment even if the court had granted a continuance. Id. at 169-70. Unlike the defendant in Briceno-Rodriguez, Egwuekwe was sentenced a mere two days before the 2015 amendments took effect. However, because Egwuekwe cannot establish prejudice, it is not necessary to determine whether failure to seek a two-day continuance might be ineffective assistance of counsel.

Section 2B1.1 provides for an increase to a defendant's offense level based upon the amount of loss attributable to fraud. U.S.S.G. § 2B1.1(b)(1). Amendment 791 adjusted the monetary tables in § 2B1.1 using a specific multiplier derived from the Consumer Price Index to account for inflation. U.S.S.G. app. C, amend. 791. The amendment did not impact the base offense level under § 2B1.1(a)(1) but did impact the specific offense characteristic levels under § 2B1.1(b)(1) and § 2B1.1(b)(2). See id.

---

[4] The court acknowledges that nonprecedential decisions are not binding upon federal district courts. Citations to nonprecedential decisions herein reflect that the court has considered the panel's *ratio decidendi* and is persuaded by same.

Under the Guidelines applicable on October 30, 2015, Egwuekwe received a 14-level enhancement because the total loss attributable to his fraud was greater than $400,000 but less than $1,000,000. (Doc. 171 ¶ 21). Amendment 791 altered the loss table such that a defendant would receive an offense level increase of 12 if the loss amount is more than $250,000 and an offense level increase of 14 if the loss attributable is more than $550,000. U.S.S.G. app. C, amend. 791. Egwuekwe's fraud caused a total loss of $413,370.25 to victims. (Doc. 171 ¶ 15). If the court had granted a continuance, Amendment 791 would have reduced Egwuekwe's loss amount enhancement by two levels. Any benefit realized from the application of Amendment 791, however, would be neutralized by Amendment 792.

At sentencing, Egwuekwe was assigned an offense level of four because his fraud offense involved 50 or more victims. (Id. ¶ 22). Amendment 792 altered the victim impact assessment such that a defendant would receive an offense level increase of four if the fraud involved substantial financial hardship to five or more victims and an offense level increase of six if the fraud involved substantial financial hardship to 25 or more victims. U.S.S.G. app. C, amend. 792. Egwuekwe's fraud harmed a total of 136 victims, (Doc. 171 ¶ 15), many of whom suffered "significant financial consequences," (10/30/15 Tr. 15:9-12). Amendment 792 would thus *increase* Egwuekwe's offense level by two.

Egwuekwe cannot establish that the outcome of his sentencing proceeding would have been different had he been sentenced after Amendments 791 and 792 became effective. Under both the 2014 and the 2015 Guidelines, Egwuekwe's

offense level remains at 24. Consequently, Egwuekwe cannot meet the prejudice prong of Strickland on this ground.

### 2. *Failure to File a Notice of Appeal*

When a defendant has raised an ineffective assistance claim based upon counsel's failure to file an appeal, the court must conduct a particularized Strickland analysis in accordance with Roe v. Flores-Ortega, 528 U.S. 470 (2000). See Harrington v. Gillis, 456 F.3d 118, 125 (3d Cir. 2006). In Flores-Ortega, the Supreme Court held that defense counsel must consult with their client about an appeal in situations where a rational defendant would want to appeal or where the defendant actually expresses an interest in appealing. Flores-Ortega, 528 U.S. at 480. The Court defined "consult" as "advising the defendant about the advantages and disadvantages of taking an appeal, and making a reasonable effort to discover the defendant's wishes." Id. at 478.

The first step in the Flores-Ortega analysis is to determine whether counsel consulted with his client about an appeal. Harrington, 456 F.3d at 125. When counsel consults with the defendant, failure to follow the defendant's express instructions to file an appeal is professionally unreasonable and satisfies the first Strickland prong. See id. (quoting Flores-Ortega, 528 U.S. at 478). When counsel does not consult with the defendant, representation will be deemed deficient if a rational defendant would want to appeal or if the defendant actually expressed interest in appealing. Flores-Ortega, 528 U.S. at 480.

To satisfy the second Strickland prong under the Flores-Ortega analysis, a defendant must show a reasonable probability that "but for counsel's deficient

11

failure to consult with him about an appeal, he would have timely appealed." Id. at 484. Factors relevant to this inquiry include whether the defendant pled guilty, whether he received a bargained-for sentence, and whether he waived some appellate rights. Id. at 480. Failure to appeal despite the defendant's express instructions to do so is presumptively prejudicial under Flores-Ortega. Id. at 484. The second Strickland prong may also be established by evidence of "nonfrivolous grounds for appeal." Harrington, 456 F.3d at 126 (citing Flores-Ortega, 528 U.S. at 479-80). But a defendant is not required to demonstrate that "his hypothetical appeal might have had merit." Flores-Ortega, 528 U.S. at 486.

Notwithstanding these general principles, the Third Circuit Court of Appeals has recognized that criminal defendants may waive appellate rights in the specific circumstances of a knowing and voluntary waiver. United States v. Mabry, 536 F.3d 231, 236 (3d Cir. 2008). Accordingly, the usual analysis for reviewing an ineffective assistance of counsel claim does not apply in the context of an appellate waiver. Id. at 241. There is no presumption of prejudice under the second Strickland prong if counsel fails to consult with a client regarding an appeal when the client knowingly and voluntarily executes an appellate waiver as part of his plea agreement, so long as enforcement of the waiver would not result in a miscarriage of justice. See id. at 236-38.[5]

---

[5] A defendant who files an appeal despite a clear appellate waiver may be in breach of the plea agreement and subject himself to resentencing. See United States v. Erwin, 765 F.3d 219, 231-32 (3d Cir. 2014). The majority of circuit courts are in accord. See, e.g., United States v. Salmona, 810 F.3d 806, 811 (11th Cir. 2016); United States v. Cimino, 381 F.3d 124, 128 (2d Cir. 2004); United States v. Kelly, 337 F.3d 897, 901 (7th Cir. 2003); United States v. Sandoval-Lopez, 122 F.3d 797, 800 (9th

There is a consensus among district courts in the Third Circuit that a Flores-Ortega presumption of prejudice analysis is unnecessary when a defendant has waived his right to appeal.  See United States v. Doss, No. 1:12-CR-326, 2017 WL 1709397, at *4 (M.D. Pa. May 3, 2017) (Conner, C.J.); United States v. Melendez, No. 1:14-CR-266-04, 2017 WL 131700, at *3-4 (M.D. Pa. Jan. 13, 2017); United States v. Isabella, No. 13-175, 2015 WL 6134082, at *11 (W.D. Pa. Oct. 16, 2015).  In these situations, courts apply the familiar two-step analysis in Mabry for testing the validity of appellate waivers.  See Doss, 2017 WL 1709397 at *4; Melendez, 2017 WL 131700 at *3-4; Isabella, 2015 WL 6134082 at *11.  We will thus review Egwuekwe's waiver pursuant to the Mabry framework.

### a. **Knowing and Voluntary**

The record evidences that Egwuekwe knowingly and voluntarily waived his right to direct appeal.  The court first turns to the written plea agreement.  See United States v. Gwinnett, 483 F.3d 200, 203-04 (3d Cir. 2007).  Paragraph 37 of Egwuekwe's guilty plea agreement states:

> Appeal Waiver – Direct.  The defendant is aware that Title 18, United States Code, Section 1291 affords a defendant the right to appeal a judgment of conviction and sentence; and that Title 18, United States Code, Section 3742(a) affords a defendant the right to appeal the sentence imposed.  Acknowledging all of this, the defendant knowingly waives the right to appeal the conviction and sentence, provided that the sentence is below or within the guideline range determined by the Court.  This waiver includes any and all possible grounds

---

Cir. 1997); United States v. Ballis, 28 F.3d 1399, 1409 (5th Cir. 1994); United States v. West, 2 F.3d 66, 69 (4th Cir. 1993); United States v. Gonzalez-Sanchez, 825 F.2d 572, 578 (1st Cir. 1987); United States v. Calabrese, 645 F.2d 1379, 1390 (10th Cir. 1981).

13

>  for appeal, whether constitutional or non-constitutional,
> including, but not limited to, the manner in which the
> sentence was determined in light of <u>United States v.
> Booker</u>, 543 U.S. 220 (2005). The defendant further
> acknowledges that this appeal waiver is binding only
> upon the defendant and that the United States retains its
> right to appeal in this case.

(Doc. 134 ¶ 37). The content and language of this written plea agreement is straightforward. The waiver expressly states that Egwuekwe waives his right to appeal his conviction and sentence on both constitutional and statutory grounds. Egwuekwe signed the agreement and by doing so acknowledged that he fully understood and voluntarily agreed to its terms. (<u>Id.</u> at 30).

The transcript of Egwuekwe's guilty plea hearing further establishes that his waiver was knowing and voluntary. The court identified the waiver of the right to a direct appeal early in the sentencing proceeding. (4/21/15 Tr. 8:1-8; 9:25). The court later addressed the appellate waiver provision extensively with Egwuekwe:

> Q   Now, ordinarily, Mr. Egwuekwue, you would have
> the right to bring a direct appeal challenging your
> conviction or sentence. Do you understand that this
> plea agreement contains an appellate waiver, a
> broad appellate waiver?
>
> A.  Yes.
>
> Q.  I would like you to turn to that on page 27,
> paragraph 37 of your plea agreement.
>
> . . .
>
> Q.  And have you reviewed this paragraph, sir?
>
> A.  Yes.
>
> Q.  This paragraph states, "The defendant is aware
> that Title 18 of the United States Code, Section
> 1291, affords a defendant the right to appeal a

> judgment of conviction and sentence; and that Title 18 of the United States Code Section 3742(a) affords a defendant the right to appeal the sentence imposed.
>
> []Acknowledging all this, this defendant knowingly waives the right to appeal the conviction and sentence. This appeal includes any and all possible grounds for appeal, whether constitutional or non-constitutional, including, but not limited to, the manner in which that sentence was determined in light of United States vs. Booker," which is a United States Supreme Court decision.
>
> "The defendant further acknowledges that this appeal waiver is binding only upon the defendant and that the United States retains its right to appeal in this case." So understand, Mr. Egwuekwue, this is a broad waiver of your right to file a direct appeal. Do you understand that?
>
> A. Yes.
>
> Q. Do you have any questions of the court regarding the nature or the scope of this appellate waiver?
>
> [Egwuekwe briefly spoke with counsel.]
>
> Q. Mr. Egwuekwe, do you have any additional questions of me, having reviewed this appeal waiver in paragraph 37, regarding the nature and scope of this waiver?
>
> A. No.

(Id. at 15:8-16:22). Egwuekwe reviewed and signed the plea agreement, and the court specifically addressed the waiver provision with him. The court finds that Egwuekwe's waiver was knowing and voluntary.

### b. **Miscarriage of Justice**

The Third Circuit has developed a non-exhaustive list of factors for determining whether a miscarriage of justice might occur. See Mabry, 536 F.3d at

15

243-44. Those factors are the existence of error, the severity and character of error, the effect of error on the defendant, the effect of rectifying error on the government, and the degree to which the defendant assented to error. Id. (quoting United States v. Teeter, 257 F.3d 14, 25-26 (1st Cir. 2001)). The miscarriage of justice exception to a valid appellate waiver is "applied sparingly and without undue generosity," United States v. Wilson, 429 F.3d 455, 458 (3d Cir. 2005) (quoting Teeter, 257 F.3d at 26), but with the goal of avoiding "manifest injustice," United States v. Castro, 704 F.3d 125, 136 & n.6 (3d Cir. 2013) (quoting Gwinnett, 483 F.3d at 206).

After review of the record, the court finds no unusual circumstances amounting to a miscarriage of justice. Egwuekwe waived his right to appeal "provided that the sentence is below or within the guideline range." (Doc. 134 ¶ 37). Egwuekwe received a sentence of 46 months' imprisonment, which is the low end of the applicable Guidelines range. (Doc. 189 at 2; 10/30/15 Tr. 4:18-5:5, 15:24-16:5). He "received the sentence bargained for as part of the plea," and he "expressly . . . waived some or all appeal rights" as part of that plea. Flores-Ortega, 528 U.S. at 480. Egwuekwe does not allege Attorney Conrad was ineffective in negotiating his plea agreement or that he was misled into entering it. To the contrary, as part of the *quid pro quo* of this plea bargain, Attorney Conrad negotiated the dismissal of most of the charges against Egwuekwe.

Egwuekwe does not specify whether the subject of the desired direct appeal would have been his counsel's failure to request a continuance or retroactive applicability of the 2015 amendments. If the former, no prejudice flowed to Egwuekwe because the 2015 amendments would not have altered his net offense

16

level, as discussed *supra*. If the latter, Egwuekwe was not prejudiced because the Third Circuit held that the 2015 amendments are not retroactively applicable. See Egwuekwe, 668 F. App'x at 422. Therefore, enforcing Egwuekwe's waiver does not result in manifest injustice. Castro, 704 F.3d at 136.

The express waiver of Egwuekwe's direct appeal rights is valid and enforceable. Accordingly, Egwuekwe did not receive ineffective assistance of counsel when Attorney Conrad declined to file a notice of appeal on Egwuekwe's behalf. In consideration of controlling Third Circuit law which provides that a breach of a plea agreement may expose the defendant to sentencing *de novo*, counsel acted well within the wide range of reasonable professional assistance. See Erwin, 765 F.3d at 231-32; Gray, 878 F.2d at 710; see also Mabry, 536 F.3d at 242 n.14 (citing Strickland, 466 U.S. at 690).

### 3. *Failure to File a Rule 35(a) Motion to Correct Sentence*

Federal Rule of Criminal Procedure 35(a) provides district courts with narrow authority to correct a sentence—only when an obvious error or mistake has occurred. United States v. Washington, 549 F.3d 905, 916 (3d Cir. 2008). A motion under Rule 35(a) must be brought within 14 days after sentencing and is limited in scope to correcting a sentence that "resulted from arithmetical, technical, or other clear error." FED. R. CRIM. P. 35(a). A district court's power to amend a sentence—based on a Guidelines range that is subsequently lowered—derives from 18 U.S.C. § 3582(c)(2). United States v. Weatherspoon, 696 F.3d 416, 420 (3d Cir. 2012).

Egwuekwe argues that Attorney Conrad failed to petition the court to review his sentence in light of the 2015 amendments through a Rule 35 motion. Egwuekwe

17

was sentenced on October 30, 2015 under the Guidelines in effect at that time. (Doc. 171 ¶ 19). He does not argue that the court made any technical error in calculating or imposing the sentence of 46 months. Therefore, Section 3582(c)(2), and not Rule 35(a), would have been the appropriate vehicle for raising the issue of resentencing in light of the Guidelines amendments. The Third Circuit has already held that Egwuekwe was unable to avail himself of Section 3582(c)(2). See Egwuekwe, 668 F. App'x at 442. Attorney Conrad was not ineffective for this purported omission.

### 4. *Failure to Object to Presentence Report Notation*

Egwuekwe also argues that trial counsel failed to object to a PSR notation regarding a misdemeanor conviction. (Doc. 237 at 9-10). The PSR noted that Egwuekwe was sentenced to 20 days' imprisonment and a fine in New York state court. (Doc. 171 ¶ 33). Egwuekwe avers that he "never received any incarceration time for this matter." (Doc. 237 at 9). The record demonstrates that Attorney Conrad specifically objected to this characterization, stating "Mr. Egwuekwe denies ever being incarcerated." (Doc. 172). Counsel's professional assistance was reasonable in this regard. See Gray, 878 F.2d at 710. Furthermore, the probation officer noted that Egwuekwe's objection, even if correct, would "not affect the assignment of one criminal point, as the point would be assessed even if only a fine was imposed." (Doc. 172). Egwuekwe cannot establish that but for counsel's perceived errors the outcome of the sentencing proceeding would have been different. See Strickland, 466 U.S. at 694.

### 5. *Failure to File a Motion for a Bail Hearing*

The Bail Reform Act of 1984 requires judicial officers to release on personal recognizance or bail persons charged with federal offenses unless it is determined that "such release will not reasonably assure the appearance of the person as required or will endanger the safety of any other person or the community." 18 U.S.C. § 3142(b); United States v. Carbone, 793 F.2d 559, 560 (3d Cir. 1986). The government may file a motion for pretrial detention grounded in the nature of the crime alleged or the existence of "a serious risk" that the defendant will flee or obstruct justice. 18 U.S.C. § 3142(f)(1), (2).

Egwuekwe was entitled to a pretrial detention hearing to determine whether he would be detained or released pending trial. 18 U.S.C. §§ 3141(a), 3142(a); FED. R. CRIM. P. 5(d)(3). The government filed a motion for pretrial detention on the ground that Egwuekwe was a flight risk. (Doc. 47 at 1-2 (citing 18 U.S.C. § 3142(f)(2)(A)). Egwuekwe received a detention hearing and Magistrate Judge Schwab ordered him detained without bail pending trial, (Doc. 61). As explained *supra*, Attorney Conrad moved to have Egwuekwe released to the custody of his cousin. (Doc. 116 ¶¶ 4-5). When Egwuekwe's cousin failed to appear at the bail hearing, Attorney Conrad withdrew the motion. (Doc. 238 ¶ 7). Egwuekwe avers that counsel inappropriately withdrew the motion over his objection and refused to refile. (Id.)

This claim falls outside the ambit of Section 2255. Facially, the issue of pretrial detention is not a means of attacking a federal prisoner's sentence. See 28 U.S.C. § 2255. Therefore, this portion of Egwuekwe's motion is not properly

brought pursuant to Section 2255. Moreover, Attorney Conrad's decision to withdraw the motion was reasonable under the circumstances. Egwuekwe was denied bail at his initial hearing because he was deemed a flight risk. (See Doc. 61). His motion for release was premised on his cousin's willingness to guarantee Egwuekwe's presence at future court dates, thereby mitigating the risk of flight. (See Doc. 116 ¶¶ 4-5). When the cousin did not appear at the hearing, the rationale for a change in detention status ceased to exist. For these reasons, we reject Egwuekwe's request for relief premised on counsel's failure to request a new bail hearing.

## IV. Conclusion

The court will deny Egwuekwe's motion (Doc. 236) to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255. An appropriate order shall issue.

/S/ CHRISTOPHER C. CONNER
Christopher C. Conner, Chief Judge
United States District Court
Middle District of Pennsylvania

Dated: November 1, 2017